IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEVEN A McLEOD,

    Plaintiff,

v.                                          CASE NO. 4:15-cv-188-RH-GRJ

JULIE JONES, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Steven A. McLeod, DOC # 924820, a prisoner presently confined at Jefferson Correctional Institution, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and seeks leave to proceed as a pauper. Docs. 1, 3. Plaintiff also moves for appointment of counsel and for a temporary restraining order and/or preliminary injunction. Docs. 2, 4. The allegations of the Complaint stem from the medical care that Plaintiff has received while confined at Jefferson CI. Plaintiff alleges that his Eighth Amendment rights have been violated in connection with a Hepatitis C infection that was diagnosed in October 2014. Plaintiff contends he contracted the infection from prison barber clippers that were inadequately sanitized. He alleges that he has not received treatment for the infection, although he concedes that he has been seen by prison medical staff. The administrative remedy documents appended to the Complaint reflect that Plaintiff is being monitored in the prison's chronic care clinic. Plaintiff seeks injunctive and monetary relief. Doc. 1.

Plaintiff executed the civil rights complaint form under penalty of perjury. Doc. 1 at 13. Section IV of the Court's civil rights complaint form requires prisoners to

disclose information regarding previous lawsuits.  *Id*. at 3.  Section IV. B & C. require prisoners to disclose whether they have initiated actions in federal or state court "with the same or similar facts/issues involved in this action," or "that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)[.]" *Id*. at 3-4.  Section IV. D. of the complaint form requires prisoners to disclose whether they have "had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service," and if so to identify each case so dismissed.  *Id*.

Plaintiff acknowledged that he has initiated other actions by answering "yes" with the insertion "unsure of others except those listed."  Doc. 1 at 5.  Plaintiff did not answer the "yes" or "no" question regarding whether he has had any cases dismissed as frivolous, malicious, failing to state a claim, or prior to service.  Plaintiff identified a total of four cases in the Complaint: McLeod v. McDonough, Case No. 8:06-cv-794-SDM-EAJ (M.D. Fla.) (habeas petition); McLeod v. Crist, Case No. 4:09-cv-181=MP-WCS (8/26/09); McLeod v. Crews, Case No. 4:14-cv-359-MW-CAS (2/6/15) (pending on appeal); and McLeod v. Bentley, Case No. 8:13-cv-3036-SDMj-TBM (10/15/14) (pending on appeal).  Doc. 1 at 6.

A review of the Court's PACER Case Locator reflects that Plaintiff has filed approximately two dozen civil actions and appeals, including civil rights and habeas corpus cases.  This Court has confirmed that the Plaintiff in these prior prisoner civil

rights and habeas corpus proceedings is the same Plaintiff as in the instant case, having the same DOC inmate number (924820).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011). The very large number of district court cases and appeals filed by Plaintiff suggests that dismissal is an appropriate sanction for such a clear lack of candor.

Moreover, although it does not appear that any court has imposed the three-strikes bar against Plaintiff, at least two of Plaintiff's previous federal district court cases and one appeal were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, and therefore Plaintiff is not entitled to proceed as a pauper in this case because he is subject to the 28 U.S.C § 1915(g) "three strikes" bar. *See McLeod v. Henderson*, Case No. 98-1534-CIV-T-17A, Doc. 32, 1999 WL 1427749 (Nov. 13, 1998) (dismissing case pursuant to 28 U.S.C. 1915(e)(2) and finding "Plaintiff's complaint is frivolous and without merit . . . . ); *id.* Docs. 42, 43 (Eleventh Circuit orders finding that appeal is frivolous and denying Plaintiff leave to proceed *in forma pauperis* on appeal) (Nov. 10, 1999); *McLeod v. U.S. Dept. of Justice*, Case No. 11-0958, 2011 WL 2112477 (D.D.C. May 24, 2011) (dismissing complaint at screening pursuant to 28 U.S.C. 1915A, finding that Plaintiff "has stated no claim upon which relief may be granted.).

Because Plaintiff is subject to the three-strikes bar, he is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).   General allegations that are not grounded in specific facts which indicate that  serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).  See *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).  The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception.  *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); see also *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Liberally construed, the Complaint as a whole does not allege facts showing that Plaintiff is in imminent danger of serious physical injury with respect to his present conditions of confinement.  Plaintiff concedes that he is being followed by the prison's

chronic care clinic, though he disagrees with the course of treatment.  Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that leave to proceed as a pauper (Doc. 3) should be **DENIED,** and that this case should be  **DISMISSED WITHOUT PREJUDICE** for abuse of the judicial process and pursuant to the 28 U.S.C § 1915(g) three-strikes bar, and that all pending motions should be terminated.

**IN CHAMBERS** this 13th day of April 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**