**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

STEVEN McLEOD,

       Plaintiff,

v.                            CASE NO.  4:15cv188-RH/GRJ

JULIE JONES et al.,

       Defendants.

_____/

## ORDER ON REPORT AND RECOMMENDATION

This prisoner civil-rights case is before the court on the magistrate judge's report and recommendation, ECF No. 7, and the objections, ECF No. 9.  I have reviewed *de novo* the issues raised by the objections.  The recommendation is to dismiss the case on two grounds: the plaintiff's failure to identify all his prior lawsuits, and the "three strikes" provision of 28 U.S.C. § 1915(g).

The complaint form used in this district for prisoner cases requires a prisoner to list the prisoner's prior prison-related lawsuits.  Here the plaintiff listed some and said there were others on which he lacked details because he was not allowed to keep his records at his institution; he was required to send the records home.

The plaintiff should have done better, but his response was not wholly inconsistent with the complaint form's instructions, which state: "If you are unsure of any prior cases you have filed, that fact must be disclosed as well." ECF No. 1 at 4 (capitalization omitted). This case should not be dismissed for failing to disclose the prior lawsuits.

The more substantial difficulty is this. The plaintiff has not paid the filing fee. He seeks instead to proceed *in forma pauperis*. But the plaintiff has suffered dismissals in at least three prior cases that count as "strikes." *See* 28 U.S.C. § 1915(g). An inmate with three strikes cannot proceed *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." *Id*. The plaintiff says he *is* in imminent danger because he has hepatitis C and is receiving no treatment. In response to a grievance, the Department of Corrections said the plaintiff's condition was being monitored.

A prisoner's disagreement with a physician's good-faith determination of the proper course of treatment for a serious illness does not, without more, establish an Eighth Amendment violation. And an inmate who is being treated in accordance with such a good-faith determination is not in imminent danger of physical injury as a result of an Eighth Amendment violation.

But monitoring a condition is not always the same as treating it. And treatment is not always constitutionally adequate; sometimes, for example,

inadequate treatment is provided to save money.  The plaintiff has alleged in the complaint that he is not being treated at all.  The record does not refute the allegation.  Even more clearly, the record does not refute the allegation that the plaintiff is receiving constitutionally inadequate treatment.

If, in due course, the record establishes that the plaintiff is not in imminent danger, leave to proceed *in forma pauperis* may be revoked.  Until then, the plaintiff may proceed *in forma pauperis*.  Similarly, summary judgment may be granted for the defendants if, at some point, the record establishes without dispute that the plaintiff is receiving constitutionally adequate treatment.  So far, the record does not establish this.

For these reasons,

IT IS ORDERED:

The report and recommendation is rejected.   The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on May 8, 2015.

s/Robert L. Hinkle_____
United States District Judge